

**FILED & ENTERED**

**APR 18 2012**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** zamora **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Carlos Magana-Lopez and Rosa M. Zuniga,<br><br>Debtors. | Case No.: 6:10-bk-50387-SC<br><br>Adversary No.: 6:11-ap-01170-SC<br><br>Chapter: 7 |
| Carlos Magana-Lopez and Rosa M. Zuniga,<br><br>Plaintiff-Appellants,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.; Rancho Horizon LLC; Quality Loan Service Corp.,<br><br>Defendant-Appellees. | **MEMORANDUM OF DECISION AND ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE**<br><br>Hearing Date:<br>Date: March 29, 2012<br>Time: 10:00 a.m.<br>Location: Video Hearing Room 126,<br>3240 Twelfth Street, Riverside, CA 92501<br><br>and<br><br>Ronald Reagan Federal Building & Court House, Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**I. Introduction**

This matter is before the Court on Order of Remand entered February 3, 2012, by the Ninth Circuit Bankruptcy Appellate Panel. The Debtors, Carlos Magana-Lopez and Rosa Zuniga (collectively "Debtors" or "Plaintiffs"), commenced the instant adversary proceeding seeking damages, injunctive relief, and an order overturning the pre-petition, non-judicial

foreclosure of their home.  This Court dismissed the instant adversary proceeding by order entered May 20, 2011.  The Debtors appealed the dismissal order to the Ninth Circuit Bankruptcy Appellate Panel who remanded the matter to address the issue of whether the Debtors had standing to bring the instant adversary proceeding in the first place.  For reasons set out in this Memorandum, the adversary proceeding is dismissed with prejudice.

## II. Facts

### The Non-Judicial Foreclosure

On December 21, 2007, the Debtors entered into a deed of trust and promissory note with Washington Mutual Bank, FA ("WAMU") for $215,000 for the purchase of real property located at 5537 El Palomino Drive, in Riverside, California 92509 [Bk. Dk. No. 30-1, Request for Judicial Notice, Exhibit 1].  JPMorgan Chase Bank ("Chase") subsequently acquired WAMU's interest in the subject deed of trust in 2008 through a purchase and assumption agreement with the Federal Deposit Insurance Corporation [Bk. Dk. No. 30-6, Request for Judicial Notice, Exhibit 6].  On July 23, 2009, Quality Loan Servicing Corp. ("QLS") recorded a Notice of Default and Election to Sell Under Deed of Trust [Bk. Dk. No. 30-1, Request for Judicial Notice, Exhibit 2], and on September 3, 2009, QLS recorded a notice of Substitution of Trustee [Bk. Dk. No. 30-1, Request for Judicial Notice, Exhibit 3].  On October 27, 2009, QLS recorded a Notice of Trustee's Sale [Bk. Dk. No. 30-1, Request for Judicial Notice, Exhibit 4]. On November 16, 2010, a non-judicial foreclosure sale was held and the property was sold to Rancho Horizon LLC [Bk. Dk. No. 30-1, Request for Judicial Notice, Exhibit 5].  On December 8, 2010, QLS recorded a Trustee's Deed Upon Sale, conveying the subject real property to Rancho Horizon LLC [Bk. Dk. No. 30-1, Request for Judicial Notice, Exhibit 5].

///

///

**The Bankruptcy Case**

On November 16, 2010, Rancho Horizon LLC commenced a non-judicial foreclosure sale of the Debtors real property located at 5537 El Palomino Drive, in Riverside, California 92509 [Bk. Dk. No. 19, Declaration of Robert A. Kransey, Esq., 2:17-19]. Thirty days after the foreclosure, on December 16, 2010, the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, case No. 10-50387 [Bk. Dk. No. 1]. The Debtors disclosed on their statement of financial affairs an unlawful detainer action filed against them in state court by Rancho Horizon LLC [*see* Bk. Dk. No. 1, Statement of Financial Affairs]; however, they failed to list any cause of action against Rancho Horizon LLC, Chase, or Washington Mutual as an asset on their petition [*see* Bk. Dk. No. 1]. The Debtors listed on Schedule D of their petition a $215,000 debt to "Chase," which the Debtors indicated was wholly unsecured [Bk. Dk. No. 1]. Nowhere in the petition was there any mention made of any cause of action held by the Debtors against other parties.

On January 27, 2011, the Debtors attended their § 341(a) hearing [Bk. Dk. No. 2]. The trustee filed a report of no distribution on January 31, 2011 [Bk. Dk. entry dated 1/31/11]. On February 1, 2011, the bankruptcy case was reassigned from Judge Thomas B. Donovan to Judge Scott C. Clarkson [Bk. Dk. No. 11].

On February 15, 2011, Rancho Horizon LLC filed a motion for relief from or alternatively for annulment of the automatic stay [Bk. Dk. No. 13], to which the Debtors' filed a response in opposition [Bk. Dk. No. 15] along with a declaration of the Debtors [Bk. Dk. No. 16]. On March 1, 2011, the same day that the motion for relief hearing was held, the Debtors filed the instant adversary proceeding, as case No. 6:11-ap-01170 [Bk. Dk. No. 17]. At the March 1, 2011 hearing, the motion for relief was dismissed without prejudice for failure to prosecute, and an order was entered to that effect on March 7, 2011 [Bk. Dk. No. 21].

On March 4, 2011, Rancho Horizon LLC filed an amended motion for relief [Bk. Dk. No. 11], and the Debtors filed a response along with an accompanying declaration on March 14, 2011 [Bk. Dk. No. 23, 24]. On March 15, 2011, the Debtors amended Schedules B and C; however, the amended schedules made no mention of any pre-petition cause of action [Bk. Dk. No. 26]. Also, on March 15, 2011, a hearing on the amended motion for relief was held in which relief from stay was granted to Rancho Horizon LLC [Bk. Dk. No. 23, 24]. The order granting relief was entered on March 28, 2011 [Bk. Dk. No. 27]. The Debtors received their discharge on March 31, 2011 [Bk. Dk. No. 29], and the case was closed on May 16, 2011 [Bk. Dk. No. 33].

**The Adversary Proceeding**

As noted above, on March 1, 2011, Debtors filed this adversary proceeding against Washington Mutual, Quality Loan Service Corporation, and Rancho Horizon LLC, seeking to overturn the non-judicial foreclosure of their home based on bad faith foreclosure and lack of standing (Adv. No. 11-ap-01170-SC, the "Adversary Proceeding"). The Adversary Proceeding sought damages, declaratory and injunctive relief, and to quiet title to the property [*see* Adv. Dk. No. 1]. On April 4, 2011, Rancho Horizon LLC filed a 12(b)(6) motion to dismiss [Adv. Dk. No. 5], to which the Debtors filed an opposition on April 29, 2011 [Adv. Dk. No. 8]. On May 3, 2011, Washington Mutual also filed a 12(b)(6) motion to dismiss [Adv. Dk. No. 10], and on May 4, 2011, Washington Mutual filed a reply brief in support of its motion to dismiss [Adv. Dk. No. 14]. On May 9, 2011, Rancho Horizon LLC filed its reply brief in support of its motion to dismiss [Adv. Dk. No. 15]. After a hearing held on May 11, 2011, this Court dismissed the adversary proceeding with prejudice by order entered May 20, 2011 [Adv. Dk. No. 21].

///

///

4

## The Appeal

The Debtors appealed the dismissal of the adversary proceeding to the Ninth Circuit Bankruptcy Appellate Panel [Adv. Dk. Nos. 22-24]. The Bankruptcy Appellate Panel issued a Memorandum on February 3, 2012 [Adv. Dk. No. 33], and found that the "bankruptcy court erred in addressing the merits of the Debtors' claims for relief without first determining whether the Debtors had standing to pursue those claims on behalf of the estate" [Adv. Dk. No. 33, pgs 8:26-9:1]. The Bankruptcy Appellate Panel vacated the order of dismissal and remanded the matter back to the bankruptcy court for further proceedings [Adv. Dk. No. 35]. Pursuant to the directives of the Bankruptcy Appellate Panel, on February 16, 2012, this Court entered an Order Setting Evidentiary Hearing and Establishing Procedures (the "Order Setting Evidentiary Hearing") [Adv. Dk. No. 38] to determine whether Plaintiffs have standing to prosecute the instant adversary proceeding. In response to the Order Setting Evidentiary hearing, Washington Mutual filed a brief on March 8, 2012 [Adv. Dk. No. 42], which appears to have been properly served. The Debtors did not file any post-remand briefs addressing standing.

## III. Discussion

### Standing Doctrine

In order to reach the merits of the Adversary Proceeding, the Court must first find that the Plaintiffs have standing. Standing is a threshold inquiry, comprised of both constitutional and prudential dimensions. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Constitutional standing requires proof of a concrete and particularized injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560 - 61 (1992). Prudential standing is a self-imposed form of judicial restraint—a limitation on "the class of persons who may invoke the courts' decisional remedial powers." *Warth v. Seldin*, 422 U.S. at 499. In order to have

standing, the Debtors must be asserting their own rights and not the rights of others. *Id.* In order to determine whether the Debtors have standing to pursue the instant adversary proceeding, the question of whether the underlying cause of action is property of the estate. The commencement of a bankruptcy case creates an estate, which is comprised of "all legal or equitable interests of the debtor in property. . . ." 11 U.S.C. § 541(a)(1). A cause of action accruing pre-petition constitutes "property" for the purposes of Code section 541. *Bostanian v. Liberty Savings Bank*, 52 Cal. App. 4th 1075, 1083 (1997). The bankruptcy estate is expansive, encompassing any pre-petition causes of action of the debtor. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986) ("The scope of section 541 is broad, and includes causes of action."); Collier on Bankruptcy, ¶ 541.03 ("[Section 541(a)(1)] includes all kinds of property, tangible and intangible, causes of action, and all other forms of property."). Therefore, the cause of action in question constitutes property of the bankruptcy estate.

A debtor has an affirmative obligation to list all of her property on the bankruptcy petition. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) (quoting *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992) ("[T]he debtor has a duty to prepare schedules carefully, completely, and accurately."); *accord In re Jones*, 134 B.R. 274, 279 (N.D. Ill.1991); *In re Baumgartner*, 57 B.R. 513, 516 (Bankr. N.D. Ohio 1986); *In re Mazzola*, 4 B.R. 179, 182 (Bankr. D. Mass. 1980); Collier on Bankruptcy, ¶ 521.03 ("The omission of significant assets may cause the loss of those assets, or give rise to objections to the granting of a discharge or perhaps lead to the revocation of a discharge already granted, as well as possible criminal charges."). When a debtor fails to list an asset on her schedules, it remains unadministered because the trustee has not been placed on notice of the existence of the asset. *In re Sherman*, 491 F.3d 948, 968 (9th Cir. 2007) ("[A] Chapter 7 bankruptcy proceeding is only

officially closed after a final report has been filed and the estate has been certified as 'fully administered.' "). Under § 554(d), property that is unadministered by the trustee remains property of the estate. *See, also, In re Menk*, 241 B.R. 896, 913 (9th Cir. B.A.P. 1999) (" '[P]roperty of the estate' that was not scheduled and that is not administered retains its status as 'property of the estate' after closing."). Thus, when a debtor fails to list a pre-petition cause of action on her bankruptcy schedules, it remains unadministered property of the bankruptcy estate even after the estate has been closed. *Id.*

The bankruptcy estate is administered by a trustee, who is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704. The trustee not only stands in the shoes of the debtor, but the trustee holds the exclusive right to sue on behalf of the bankruptcy estate. *O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197, 1202 (11th Cir. 2003) ("A bankruptcy trustee stands in the shoes of the debtor and has standing to bring any suit that the debtor could have instituted had it not been thrown into bankruptcy."); *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("We therefore reaffirm our previous reasoning and that of our sister circuits and hold that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."). Here, the Debtors failed to schedule their pre-petition cause of action for wrongful foreclosure against Washington Mutual. As a result, this cause of action remains unadministered property of the estate. The Chapter 7 trustee alone has the exclusive right to pursue the cause of action in question on behalf of the bankruptcy estate. Accordingly, the Debtors lack standing to pursue this cause of action. § 362(c)(1); *In re Menk*, 241 B.R. at 913.

///


## IV. **Conclusion and Order**

The Court finds that the unscheduled pre-petition cause of action against Washington Mutual is property of the bankruptcy estate. The Court further finds that the Chapter 7 trustee is the only real party in interest with standing to pursue this cause of action. As a result, the Debtors lack standing to pursue this adversary proceeding because they lack an interest in the underlying property that is the subject matter of the adversary proceeding—namely, the pre-petition cause of action against Washington Mutual. In accordance with the above findings, IT IS HEREBY ORDERED that this Adversary Proceeding is hereby dismissed with prejudice.

DATED: April 18, 2012

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **MEMORANDUM OF DECISION AND ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 4/17/12, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Karl T Anderson (TR)    edansie@hotmail.com, kanderson@ecf.epiqsystems.com
- John E Bouzane    fastevictionservice@linkline.com
- David C Scott    hramirez@mccarthyholthus.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- S Christopher Yoo    cyoo@adornoca.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Carlos Magana Lopez
Rosa M Zuniga
5537 El Palomino Dr
Riverside, CA 92509

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page